THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Camilo H. Acosta,
    Plaintiff

V.

THOMAS RIDGE, as Secretary of the Department
of Homeland Security; EDUARDO AGUIRRE,
Director of the U.S. Citizenship & Immigration
Services; DENNIS RIORDAN, as District Director
of the U.S. Citizenship & Immigration Services for
Boston, Massachusetts,
    Defendants

CIVIL ACTION FILE NO.

## PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS & DECLARATORY JUDGEMENT

NOW come the Plaintiff, Camilo H. Acosta, in the above-captioned matter, and hereby states as follows:

1. This action is brought against the Defendants to compel action on the clearly delayed processing of an I-485 Application filed by the Plaintiff, Camilo H. Acosta. The application was filed and remains within the jurisdiction of the Defendants, who have improperly delayed processing the application to Plaintiff's detriment.

## PARTIES

2. Plaintiff, Camilo H. Acosta, resides at 832 Dobres Street, # 3, San Francisco, CA 94110, is the beneficiary of an I-485, Application to Register Permanent Resident or Adjust Status, filed with the USCIS.

3. Defendant Thomas Ridge is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC §1103(a). More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of applications for nonimmigrant visas filed pursuant to the Immigration and Nationality Act (INA). The U.S. Citizenship & Immigration Services is an agency within the Department of Homeland Security to whom the Secretary of the Department of Homeland Security's authority has in part been delegated, and is subject to the Secretary of the Department of Homeland Security's

1

supervision.

4. Defendant Eduardo Aguirre is the Director of the U.S. Citizenship & Immigration Services (USCIS) and an official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B).

5. Defendant Dennis Riordan, District Director, is an official of the U.S. Citizenship & Immigration Services (USCIS) generally charged with authority over operations of the USCIS within his District with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B). As will be shown, Defendant Deputy District Director is an official with whom Plaintiff's application to Register Permanent Resident or Adjust Status was properly filed.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 USC §§1331 and 1361, 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant is located and performs his official duties.

## EXHAUSTION OF REMEDIES

8. The Plaintiff has exhausted his administrative remedies. The Plaintiff has supplied the USCIS documents that clearly establish his eligibility to Register Permanent Resident or Adjust Status.

## CAUSE OF ACTION

9. The Plaintiff properly filed an application I-485, Application to Register Permanent Resident or Adjust Status, pursuant to Section 245 of the Immigration & Naturalization Act.

10. This petition, along with an I-130 and supporting documentation, was filed in person at the Boston District Office on or about December 10, 2003. Fingerprints were submitted to the USCIS on or about January 2004. The Plaintiff was interviewed at the Boston District Office on May 24, 2004, and was informed that the USCIS had not completed his background check; and, therefore was unable to approve the petition.

11. On September 20, 2004, Plaintiff appeared before the USCIS Boston District Office in order to inquire information about the status of his case, and Plaintiff was told by a supervisor that the USCIS still had not completed his background check and it could be weeks or months until it was complete.

12. The defendants have failed to properly adjudicate this petition. They have failed to adhere to their own regulations and have improperly delayed the processing of the Plaintiff's I-485 Application after the Plaintiff had submitted a properly executed application. It has been 13 months since Plaintiff has filed his I-485.

11. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements and complete the processing procedures.

12. Defendants' delay in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have inappropriately refused to adjudicate the petition, thereby depriving him of the rights to which the Plaintiff is entitled.

15. The Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

   (a) Specifically, Plaintiff Camilo H. Acosta, has been unable to obtain legal permanent residence, travel and work without restriction and accrue time to be eligible for Naturalization as a citizen of the United States.
   (b) Plaintiff Camilo H. Acosta and his wife, Anne R. McClure have moved to Cupertino, CA in June of 2004; therefore, making it more difficult to revisit the Boston District Office.

16. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, are unlawfully withholding action on the Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.

17. The Plaintiff has provided sufficient evidence of his attempt to secure adjudication of these applications at issue, all to no avail. Accordingly, the Plaintiff has been forced to retain the services of his attorney to pursue the instant action.

PRAYER

18. WHEREFORE, in view of the arguments and authority noted herein, the Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

   (a) requiring Defendants to properly adjudicate Plaintiff's application for action on an approved petition;

   (b) requiring Defendants to provide the Plaintiff with a Notice of Approval;

   (c) awarding Plaintiff reasonable attorney's fees pursuant to the Equal Access to Justice Act.

   (d) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

/s/ Roxana V. Muro
Roxana V. Muro
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02111
Telephone (617) 523-6320
Facsimile (617) 523-6324
rmuro@fitzgeraldlawcompany.com
Bar No. 653657

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March 2005, I delivered a true and accurate copy of the foregoing documents, Civil Action Cover Sheet, Complaint, and Filing Fee, to the opposing parties or counsel, at the following addresses:

Mr. Dennis Riordan
U.S. Citizenship & Immigration Services
JFK Federal Building
Boston, MA 02213

Roxana V. Muro
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone (617) 523-6320
Facsimile (617) 523-6324
rmuro@fitzgeraldlawcompany.com
BBO No. 653657

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Acosta v. Ridge__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ☑ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ☐ V.   150, 152, 153.

    **05-10456MLW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    __n/a__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                                    YES ☐    NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES ☐    NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                    YES ☑    NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☑        Central Division ☐        Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Roxana V. Muro__
ADDRESS __18 Tremont Street, 210, Boston, MA 02108__
TELEPHONE NO. __(617) 523-6320__

(CategoryForm.wpd - 2/15/05)

☙JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff  __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

*[Stamp: FILED CLERKS OFFICE 2005 MAR 10 P 1:26 U.S. DISTRICT COURT DISTRICT OF MASS]*

(c) Attorney's (Firm Name, Address, and Telephone Number)
Roxanna v. Mufo Fitzgerald Company
18 Tremont St, #210 Boston MA 02108 (617)573-6520

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §1331, §1361

Brief description of cause:
Writ of Mandamus - Unjustifiable Delay of Adjudication of Case

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: 03-08-2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____